### NATIONAL CASH REGISTER CO v PERFECTION LAUNDRY CO

Ohio Appeals, 2nd Dist, Clark Co

No. 290. Decided May 21, 1931

J. A. Altschul, Springfield, for The National Cash Register Co.

Cole, Bowman & Hodge, Springfield, for Perfection Laundry Co.

BY THE COURT?

The parties appear in this court in the same relation as in the trial court and we will so refer to them.

Plaintiff prosecutes error from the judgment of the Common Pleas Court against it and on behalf of the defendant on its cross petition.

The plaintiff's action was based on a claimed balance due in the sum of $960.00 on a promissory note for the original sum of $1600.00, dated February 14, 1928, interest at 6% per annum.

The answer of the defendant admitted the execution and delivery of the note; denied anything due thereon and asserted that there had been a complete failure of a valid consideration for said note; that it was given for a cash register which was worthless, and that defendant had offered to return the register to plaintiff and was at the time of the filing of the answer still ready and willing so to do.

The cross petition averred the purchase price of the register in the sum of $1700.00, on which $100.00 in cash had been paid, and installments in all aggregating the sum of $740.00, and averred that as a prerequisite of the sale of the register the defendant had made certain warranties that the register would be fit and suitable for the particular purpose for which defendant desired to use the same, viz, for office purposes of defendant in the laundry business as then conducted by the defendant. That said register would make, keep and tabulate all routine office records necessary to be kept in line of defendant's business, and that the use and operation of the machine by the defendant would permit it to dispense with the services of at least one of its office employees.

The answer further avers that there was a breach of all the warranties, and that by reason of said breach it had been damaged in the sum of $840.00.

The reply of the defendant set up the written order or agreement which was signed by the parties at the time of the sale of the cash register, and alleged that this contract specifically provided that it should cover all agreements between the parties; denied that it had made rescission and offer of return. But the record is susceptible of another interpretation.

It clearly appears that for many months before the time when the defendant definitely and finally indicated a purpose to abandon further attempt to use this machine it was known and recognized by the parties that the register was not satisfactorily meeting the requirements for which it was purchased. During this period the defendant had a number of its experts on many occasions at the plant of defendant

attempting to adapt the machine to the business of defendant. So long as the plaintiff was recognizing that the defendant was objecting to the operation of the register it cannot be said as a matter of law that it was waiving the right to rescind. The record discloses that according to the testimony of Mr. Kirchweim within a month after the plaintiff had admitted that the machine was impractical for the needs of defendant company plaintiff was put on notice equivalent to rescission.

Record, Page 90—

"Q. Did any of these men (plaintiff's agents) ever admit to you that the machine which they sold to you, was impractical for your purpose? A. Yes.

Q. When was the Chicago convention? A. In October, 1928.

Q. And you discontinued the use of this machine November 3rd? A. The week ending November 3rd."

Under this state of facts the circumstances and the respective acts of the parties, we cannot say as a matter of law that the defendant company delayed unreasonably in giving notice of its purpose to rescind. It became a question of fact and the court acting as a jury was within its province in resolving the issue of rescission and notice against the plaintiff.

We have examined the other errors asserted but find no prejudice to the plaintiff requiring a reversal of the judgment. The judgment of the trial court will therefore be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.