## STATE ex HALCHAK v DOYLE, Judge

Ohio Appeals, 9th Dist, Summit Co

No 2088.   Decided Feb 19, 1932

Rockwell, Grant, Thomas & Buckingham, Akron, for plaintiff.

Schnee, Grimm & Belden, Akron, for defendant.

WASHBURN, J.

We are unable to say that the Common Pleas Court does not have jurisdiction of the subject-matter involved in said application.  We know that the Common Pleas Court does have jurisdiction of the subject-matter of the modification and vacation of its judgments after the term at which they are rendered, and for aught that appears, such jurisdiction has been properly invoked; and it is settled that, if the court has jurisdiction of the subject-matter involved in the controversy and, such jurisdiction has been properly invoked, a writ of prohibition should not issue to prohibit it from exercising such jurisdiction.

As applied to courts having power to pass upon their own jurisdiction, the writ

of prohibition may be issued only when the court is without jurisdiction of the subject-matter or such jurisdiction has not been properly invoked, and even then it should not be issued, except under exceptional circumstances, if the question of jurisdiction has been submitted. to and determined by the court against which the writ of prohibition is sought,' for in such case the complainant usually has a full and adequate remedy at law.

State, ex rel., v. Jones, et al., 96 Oh St 506, at p. 511.

If it is claimed that a court does not have jurisdiction of a particular case or matter which is embraced within the subject-matter of its general jurisdiction, the only way in which such claim may be determined is by submitting such question to the court, and, if the judgment is claimed to be erroneous, prosecuting error or appeal proceedings.

"Like all other extraordinary remedies, prohibition is to be resorted to only in cases where the usual and ordinary forms of remedy are insufficient to afford redress. And it is a principle of universal application, and one which lies at the very foundation of the law of prohibition, that the jurisdiction is strictly confined to cases where no other remedy exists, and it is always a sufficient reason for withholding the writ that the party aggrieved has another and complete remedy at law."

High's Extraordinary Legal Remedies (2nd ed.), §770, p. 610.
See also—
Kelley, Judge, v. State, ex rel., 94 Oh St 331.
State, ex rel., v. Allen, Probate Judge, et al., 96 Oh St 10.
State, ex rel., v. Justice, Judge, et al., 114 Oh St 94.
Re Isaac L. Rice, 155 U. S. 396, 39 Law Ed. 198.
Ex parte Williams, 4 Ark. 537, 38 Am. Dec. 46.

The general classes of subjects over which a court may exercise jurisdiction when such jurisdiction is properly invoked, are found in the fundamental law from which the court derives its existence and powers. If the invoking of such jurisdiction depends upon facts and circumstances which the court must pass upon to determine whether or not it has jurisdiction, its decision in reference thereto is binding upon the parties, unless and until set aside upon appeal or by some other proceeding for that purpose; and its decision in reference thereto, whether erroneous or not, cannot

be questioned or controlled by a writ of prohibition.

In the case at bar, the subject-matter of the application is the modification or vacation, at a subsequent term, of a judgment or decree of the Common Pleas Court, and that court has determined that it has jurisdiction to hear and determine such application; and as it appears that error proceedings afford an adequate remedy for a mistake of the court in making such determination or in the manner in which it exercises its authority in disposing of said application, a writ of prohibition should not issue.

The writ will therefore be denied and the petition dismissed.

PARDEE, PJ, and FUNK, J, concur.