**STATE ex KENNELLY v MILLER et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2195. Decided May 16, 1932

C. Eugene Smith, Columbus, for plaintiffs.

Francis M. Thompson, Columbus, for defendant, Marion L. Thompson.

460

HORNBECK, J.

Plaintiff relies upon **The State ex Morgan et v Stevenson, Justice of the Peace,** 39 Oh Ap, 335 (O. Bar, Nov. 3, 1931, p. 335), **(10 Abs 278)**, decided by this court, in which the opinion was written by Judge Levine, sitting by designation. In this case the court held that a Justice of the Peace had no jurisdiction in a forcible detainer action by a vendor against the defaulting purchaser, under contract not providng for vendor's re-possession upon purchaser's default, title to real estate being involved. (§10232, **Par. 5 and 6, GC**).

A careful analysis of the opinion in this case discloses that it did not appear that the land contract under consideration had a clause providing for re-possession by the vendor upon default of the purchaser. Thus, it would have become necessary for the court to consider and pass upon the equitable rights of the parties to the land contract before it could determine the right of the vendor to restitution. We held that the justice of the peace having no such chancery powers, had no jurisdiction to proceed and that the writ of prohibition could be invoked.

This court in **Felger et v Thompson et,** 27 **Oh Ap, 310,** (6 Abs 403), Judge Kunkle writing the opinion, at page .314, expressly held that the Municipal Court of the City of Columbus had jurisdiction in a forcible entry and detainer action to render judgment for restitution to the vendor where there was an express provision for forfeiture contained in the contract, **This**

option sets forth at length authorities on the question presented and the sections of the statute pertaining to the jurisdiction of the Municipal Court of the City of Columbus. We therefore will not carry them here.

Another well considered opinion wherein the distinction, to which we have heretofore directed attention, is made, is that of Hughes v Kline, 16 O. N. P. (N.S.), 493, the syllabus of which. reads,

"The Ohio forcible detainer statute is broad enough to permit of a suit in forcible detainer against a vendee who has defaulted in his payments under a contract of purchase. which expressly provides that in case of default possession shall be surrendered to the vendor."

We perceive no. conflict in these decisions. Our position is strengthened by the recent opinion of the Court of Appeals of the 9th District, The State ex Halchak v Doyle, Judge, (11 Abs 365), and especially the 4th proposition of the syllabus:

"If a court competent to pass upon its own jurisdiction decides that it has jurisdiction of a subject which clearly is not confided to it by the fundamental law from which it derives its existence and powers, it should be held that the ordinary and usual remedies provided by law for review are not adequate, and a writ of prohibition should be issued; but if the jurisdiction of the court depends upon facts and circumstances which the court passes upon in determining its jurisdiction, it should be held that the ordinary and usual remedies provided by law for review are adequate, and a writ of prohibition should not be issued."

We do not have the full record of the proceedings on the demurrer in the Municipal Court. If the facts develop in the Municipal Court brought this case under the letter and spirit of State ex Morgan et v Stevenson, J. P., supra, the court was clearly without jurisdiction, but if the facts brought the case under the law as enunciated in Felger et v Thompson et, supra, the court had jurisdiction. It must be presumed under the evidence in this case that the facts developed permitted a finding by the court of its own jurisdiction. Whether or not the facts were properly determined by the trial judge would in the event of dispute be the subject of an error proceeding and not the extraordinary action in prohibition.

The second proposition urged by coun-

cel for plaintiff is, that the Municipal Court can not assume jurisdiction of the subject matter of the cause pending there because the amount involved as purchase price for the premises sold or as balance due under the land contract is in excess of the maximum fixed as the limit of jurisdiction of the Municipal Court.

This claim, in our judgment, is without application for the reason that the gist of the action for forcible detainer is a determination of the right of possession of real estate and no money judgment except for costs is contemplated. We, therefore, are of opinion that the petition of the plaintiff should be dismissed and it is accordingly done.

ALLREAD, PJ, and KUNKLE, J, concur.