## REMM v SMITH

Ohio Appeals, 2nd Dist, Miami Co

No 351. Decided Dec 18, 1935

A. W. DeWeese, Piqua, and J. H. DeWeese, Piqua, for plaintiff.

Meredith & Meredith, Lima, and Floyd D. Smith, Greenville, for defendant.

## OPINION

By BODEY, J.

It appears affirmatively in the petition herein that plaintiff, by answer and by motion for judgment on the pleadings in the foreclosure proceeding pending in the Municipal Court, has twice objected to the jurisdiction of the court and that in each instance his objections have been overruled. Under the statute creating the Municipal Court of Piqua, Ohio, that court has jurisdiction in proceedings to foreclose liens on chattel property if the appraised value of the property does not exceed $750.00. No question concerning the value of the property sought to be foreclosed is raised in this petition and the court, therefore, assumes that the value of the property involved does not exceed the jurisdictional statutory amount. In presenting their arguments and in their briefs, counsel for the defendant herein have insisted that the Municipal Court was qualified to pass upon its own jurisdiction when that question was raised, and that its judgment in that particular may only be questioned by appropriate proceedings for review. Counsel for the plaintiff contend that The City Loan & Savings Company, by instituting the replevin proceeding in the Common Pleas Curt, has made an election of remedies, and, having done so, it must finally dispose of that case. An examination of the authorities leads us to the conclusion that the contention of counsel for plaintiff may not be disposed of on this petition for a writ of prohibition. While the record does not contain a copy of the answer filed by plaintiff in the foreclosure proceedings, the allegations of the petition herein would indicate that the answer did set forth facts which would advise the Municipal Court of the pendency of and character of the replevin action in the Common Pleas Court. The fact that a motion for judgment on the pleadings was also filed by this plaintiff in the foreclosure case would indicate that the entire question on election of remedies was submitted to the judge of the Municipal Court. It is our view that if the plaintiff herein desired to question the decision of the Municipal Court in this particular he should prosecute the necessary action for review thereof. In other words, he has an adequate remedy at law if the Municipal Court has been in error in this decision. The Supreme Court in the case of State ex The

**Emery-Thompson Machinery & Supply Co., et v Jones et, 96 Oh St, 506,** held:

"A writ of prohibition will not issue to the Court of Appeals prohibiting that court from determining its own jurisdiction in cases wherein jurisdiction of the subject-matter in an original action, or on appeal or in error proceeding, has been conferred upon that court by the constitution of this State."

In the case of **State ex Barbee, Executor v Allen et, 96 Oh St, page 10,** the court held that the Probate Court, having jurisdiction of the subject-matter had the right to inquire into the matter of the residence of a deceased, when his will was offered for probate. The court said:

"This was a jurisdictional fact which that court had the power to determine. It may have been erroneous in its decision, but, as was held in the **State ex Garrison v Brough et, 94 Oh St, 115,** followed in **Kelley, Judge v The State ex Gellner, 94 Oh St, 331,** the writ of prohibition can not be made to serve the purpose of a writ of error to correct mistakes of a lower court in deciding questions of law within its jurisdiction."

In the case of the **State ex Mehler v Buse, 29 Oh Ap, 302,** the court says:
"The question presented in every instance where the issuance of a writ of prohibition is sought is whether it clearly appears that the tribunal, whose action it is sought to prohibit, has no jurisdiction of the cause which it is attempting to adjudicate, or is about to exceed its jurisdiction."

The cases are collected in the opinion of Judge Washburn in **State ex Halchak v Doyle, 41 Oh Ap, 569 (11 Abs 365).** The holding of the court in that case is in line with the decisions pronounced by the Supreme Court in the cases to which reference has been made. Counsel for the plaintiff refer us to the case of **State ex Morgan et v Stevenson, 39 Oh Ap, 335,** which was decided by this court. An examination of that case will disclose that the defendant, a Justice of the Peace, was attempting to exercise jurisdiction in a case in which the title to real estate was drawn in question contrary to the provisions of §10232 GC. The Justice of the Peace in that case had no jurisdiction of the subject of the action, and for that reason the writ was allowed to issue. We believe that the court's holding in the case of Ex rel Morgan, supra,

followed the general rules governing the issue of a writ of prohibition. In the case at bar the Municipal Court had jurisdiction of the subject matter, to-wit, the foreclosure of a chattel mortgage. The Municipal Court held that it did have such jurisdiction when the question was raised before it.

If the court was in error on its conclusion of law, the plaintiff herein, who was directly affected by said ruling, had an adequate remedy at law by presenting the question to a reviewing court. The plaintiff may not have the question determined by praying for a writ of prohibition in this petition. We hold that the petition of plaintiff does not state a cause of action and that the demurrer thereto should be sustained. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.