## COLEMAN v BRIDGE

Ohio Appeals, 2nd Dist, Preble Co

No 90. Decided Sept 20, 1937

Bridge & Mikesell, Dayton, Frank Brandon, Lebanon, and Russell J. Haynes, Dayton, for appellants.

R. A. Argabright, Dayton, for appellee.

## OPINION

By GEIGER, J.

Plaintiff below brought an action against the defendant seeking a judgment based upon alleged deficiencies in the payment of an annuity provided for by Item III of the last will and testament of Isaac Kesling, deceased.

The issues were submitted to the court, and the court found for the plaintiff, in the sum of $5,597.66. After motion for new trial had been overruled, notice was given of appeal on the questions of law and fact.

The petition states that Isaac Kesling was the husband of Eliza Ann Kesling, and died testate on December 7, 1882, leaving a last will and testament, a copy of which is attached; that Eliza Ann Kesling, his wife, died on December 27, 1936, having lived for a period of fifty-three years and twenty-one days after the death of her husband, Isaac; that under the terms of the will she was entitled to receive until her death, from the executors of the estate of Isaac, the sum of $21,222.22, and that the executor had paid her during her life time the sum of $14,624.00, leaving a balance due her at the time of her death, from the estate of her husband, of $6,-597.66 (this sum was afterwards correctly stated to be $5,597.66). The bequest was $400.00 annually for life.

An answer was filed by Marc H. Bridge, administrator de bonis non with the will annexed, admitting certain allegations of the petition and denying those not specifically admitted. The defendant further alleges that the funds in his hands came solely from the sale of the farm mentioned in Item IV of the will, and that if it shall be found that Eliza had not been paid the full sum of $400.00 annually since the death of her husband, that the proceeds of the farm, or the fund arising from the sale thereof, were insufficient to pay it, and that since his appointment he has paid to the widow the full income derived from the fund. As a second defense he alleges that Eliza Ann Kesling, during her life time and especially from the date of his appointment as administrator, received the proceeds of the farm or of the fund arising from the sale thereof, without protest and by virtue whereof the plaintiff is estopped from asserting the claim.

The issues call for the proper interpretation of Items III and IV of the will of Isaac Kestling.

Item III is as follows:

"I will and bequeath to my wife, Eliza Ann Kesling, during her natural life, the sum of $400.00 annually to be paid her by the executors of my estate, to be paid in semi-annual payments of $200.00 each."

Item IV is as follows:

"I will that my executors, hereinafter named, pay my wife the above sum out of the proceeds of my farm situate in Miami Township, Montgomery County, Ohio, and if my executors should deem best to sell said farm, they shall leave a sufficient amount of money in said place for the interest at 6% per annum to pay my wife her annuity of $400.00 per year, or loan out sufficient on real estate mortgages on land worth double the amount to make annuity safe."

After a finding in favor of the plaintiff, the court upon motion of the heirs of Isaac Kesling, granted leave to such heirs to be made parties, and to file a motion for new trial.

One ground of the motion was newly discovered evidence. This ground was supported by an affidavit of Marc W. Bridge, in which it is alleged that there is evidence tending to prove an agreement made by Eliza Ann Kesling wherein as a condition of the dismissal of a certain suit she agreed to relinquish all right to a claim upon the corpus of the fund, by virtue of the provision of the will, and that the parties claiming under the general bequest claim that said Eliza Ann Kesling made such agreement as a condition precedent to the dismissal of said cause.

The motion for new trial filed by the heirs was on the ground that they have an interest in the fund in the possession of the administrator, and that none had been made parties defendant, and that they had had no opportunity to be heard or to set forth their rights in the fund in the possession of the administrator.

An agreed statement of facts was filed, upon which the cause was heard.

In addition to the agreed statement of facts certain matters are presented by a bill of exceptions properly signed and allowed. The matters appearing in this bill are largely argument of counsel, and state-

ments as to matters alleged to have occurred relating to an agreement asserted to have been made by the widow under the terms of which it is claimed she waived any right she may have had in the balance of any sum due her under her husband's will, out of the corpus of the estate.

The bill of exceptions discloses the fact that the heirs making the motion have no evidence to be submitted in support of such ground for new trial.

We cannot find any evidence in this bill submitted in support of the motion for new trial. As stated before, there appears to be nothing in the bill other than unsupported statement of counsel that there was an agreement by the widow to relinquish a claim against funds of the estate in consideration of a settlement of litigation in Montgomery County.

We are therefore remitted to the agreed statement of facts to determine whether or not the court erred in rendering judgment on behalf of the plaintiff.

The agreed statement sets out facts in relation to the estate of the decedent and of its administration, and of the death of Eliza Ann Kesling. It also sets out the substance of receipts given over the long period of years subsequent to the death of testator. Twenty-eight accounts were filed by the executors of the estate, in the first four of which Eliza Ann Kesling receipted to James W. Kesling, one of the executors; from the fifth account to the twenty-eighth account the receipts were given to Eliza Ann Kesling, executrix. the last of which was dated April 22, 1927. From that time to the time of the filing of the seventh and final account of Marc H. Bridge, on November 8, 1935, receipts were given to Marc H. Bridge, as administrator de bonis non.

These receipts are of interest in that they disclose that during the entire period of the administration of the estate by the original executors, the sums receipted for covered various semi-annual periods, all indicating that there was no intention upon the part of the parties to limit the amount to be paid to the widow to the income derived from the farm, but that the parties regarded the semi-annual payments as charges against the estate to be paid out of any income received at any time.

As an example—the receipt of April 22, 1927, is for the sum of $3,245.00, "being all the income of said estate since the filing of the twenty-seventh account." The twenty-seventh account was filed in 1916,

and the twenty-eighth in 1927. The receipts frequently show a credit upon the amount due, the balance being carried into subsequent payments, all indicating that the right to payment was based upon the semi-annual payments provided by the will, and not upon the income of the estate for any period.

The receipts given to Marc Bridge were somewhat different in character, being for small amounts far less than the $200.00 due semi-annually, and for sums derived from the investments of the proceeds of the sale of the real estate.

It is also agreed that the income derived from the farm and from the fund after the sale of the farm were insufficient to pay the widow the $400.00 per year for the period of her survivorship, and that the annuity over the period amounted to $21,222.22 and the payments to $15,624.56.

It has been urged by the heirs of the decedent that the court erred in not permitting them to file an answer in the suit against the administrator.

The court did permit them to file a motion for a new trial, and properly determined that inasmuch as they presented no evidence to sustain their claim of the compromise, that their motion should be overruled.

It is questionable whether in a suit against the administrator, the heirs were entitled to file an answer, but inasmuch as the court permitted them to interpose a motion for a new trial, any rights that they may have had, had they been able to produce the testimony supporting their claim, have been protected.

This leaves us the final issue of determining the rights of the administrator of the estate of Eliza Ann Kesling against the administrator of the estate of Isaac Kesling, for the unpaid portion of the bequest.

In the construction of the will the intention of the testator must prevail if the same can be ascertained by the reading of the will.

By Item III he bequeathed to his wife during her natural life the sum of $400.00 annually. By Item IV he provided that the executor pay the sum out of the proceeds of the farm, and that in case of the sale of the farm an investment should be made to pay her an annuity of $400.00 per year "to make her annuity safe."

There can be no doubt of the intention of the testator to provide $400.00 per year

for his wife so long as she might survive him.

During the earlier period of this survivorship, the farm produced a sufficient amount to pay her in full, although not promptly, said annuities.

After the farm was sold the income derived from its proceeds fell far short of paying the annuity, but upon the death of the widow the administrator held in his hands the proceeds of the █ farm, which we think is clearly liable for payment to the administrator of the estate of the widow of that to which she was entitled, but which had not been paid to her during her life. Any other assets of her estate would likewise be liable.

To hold otherwise would be to change the provision of the will made by the testator in behalf of his wife.

She would possibly have had a right to demand out of the proceeds of the farm, the installments as they be- █ came due, but her failure to do this did not indicate any waiver of this right.

The court is of the opinion that there was no error in the finding of the court below in favor of the administrator of Eliza Ann Kesling, deceased.

Judgment accordingly.

BARNES, PJ, and HORNBECK, J, concur.