**STATE ex BRIDGE v KREHBIEL**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1497. Decided Dec 23, 1937

R. A. Argabright, Dayton, and C. J. Mattern, Dayton, for Marc H. Bridge.

Jacobson & Durst, Dayton, for Franklin Krehbiel, as Judge.

## OPINION

By THE COURT

This is an original action in this court wherein plaintiff seeks a writ of prohibition against defendant seeking to restrain him from taking certain proceedings in the Common Pleas Court of Montgomery County, Ohio.

The petition is long and has attached to it as exhibits a number of lengthy documents. We will not abuse the patience of counsel in reciting in detail the allegations of the petition or review in detail the issues raised by the attached exhibits, but due to the nature of the controversy, we cannot avoid what may seem to be undue prolixity.

Plaintiff alleges his appointment as administrator de bonis non of the estate of Isaac Kesling by the Probate Court of Preble County. The defendant is a judge of the Common Pleas Court of Montgomery County.

On the 8th day of October, 1937, a petition was filed in that court being cause No. 87018 entitled Emma Monger v Marc H. Bridge, individually and as administrator

de bonis nou with the will annexed of the estate of Isaac Kesling, wherein it is alleged that the plaintiff seeks to recover from the defendant a judgment for the respective distributive shares, as heirs, legatees, etc., and the plaintiff individually and as administrator was restrained by the court in said cause from paying to Oren O. Coleman a defendant or his counsel, any or all funds in his possession as such administrator.

Oren O. Coleman is the acting executor of the estate of Eliza Ann Kesling, appointed as such in Montgomery County; that said Coleman as executor recovered a judgment against plaintiff as such administrator in the Common Pleas Court of Preble County for $5,567.00, which said judgment was affirmed by the Court of Appeals of Preble County and that a mandate was issued from the Court of Appeals to the Common Pleas Court of that county to carry the judgment into effect; that the plaintiffs in cause No. 87018, Montgomery County, entered their appearance and were made parties defendant in the case in Common Pleas Court of Preble County and took action in that court, in which it is asserted the same questions were raised and decided as are now sought to be raised in the action in Montgomery County.

That the order granted by the Court of Common Pleas of Montgomery County in No. 87018 restraining plaintiff or his counsel from paying any funds in his possession as administrator was issued for the purpose of preventing plaintiff from satisfying the judgment rendered against him as administrator in accordance with the order of the Court of Appeals.

The plaintiffs in No. 87018 now pending in Montgomery County filed their suit in Montgomery County on the 30th day of June 1924, setting forth the same allegations of fraud to Oren O. Coleman, etc., which they now set forth in the present case; that plaintiff herein was appointed referee and as such, made a report which was affirmed by the Court of Common Pleas; that the claim made by Brandon and Haynes was for contingent attorney fees entered into prior to the filing and predicated upon the recovery of a judgment in 1924.

That as such administrator, plaintiff was duly cited on October 30, 1937, by the Probate Court of Preble County to file a final account; that in response, he appeared before the judge of the Probate Court on the 1st of November prepared to file his account and was exhibiting to said judge the assets belonging to the estate and explaining why a final account could not be filed when the sheriff of Preble County levied an execution in the case pending in that county on all of the assets.

Plaintiff says that plaintiffs in No. 87018 filed an application requiring him individually and as administrator to appear before the defendant and show cause why he should not be punished for contempt for disobedience of the restraining order theretofore issued and the judge ruled that the plaintiff, as such defendant, appear before him on the 22nd day of November 1937 to show cause why he should not be punished for contempt; that the plaintiff filed his demurrer to said application on the ground that the court had no jurisdiction of the subject matter of the case No. 87018 and that the judge on being informed that the plaintiff had filed a demurrer immediately announced that the demurrer was overruled without conferring with plaintiff or his attorney; that the judge announced that he would dispose of the contempt proceedings on the 29th day of November, 1937. Plaintiff alleges that he has reasons, and does believe, and is in fear that the defendant, as judge, will grant and enter a judgment of contempt against him.

Counsel for plaintiff and plaintiff object to such action of the defendant for the reason that as judge of the court he has no jurisdiction of the subject matter because the court has no jurisdiction to restrain the plaintiff from complying with due process of law issued against him in Preble County, nor to restrain the plaintiff from complying with the citations and orders of the Probate Court of Preble County; that he has no jurisdiction of the subject matter in which the alleged contempt proceedings arose for the reason that the plaintiffs in their petition filed in case No. 87018 of the Common Pleas Court are seeking to recover against this plaintiff their alleged respective distributive shares; that by reason of his appointment the Probate and Common Pleas Court of Preble County have exclusive concurrent jurisdiction as to all matters of distribution; that such action of the defendant will cause plaintiff to be fined, imprisoned, etc., from which he will suffer injuries for which he has no remedy at law. Plaintiff prays for the allowance of an alternative or temporary writ of prohibition restraining the defendant from further proceeding in the contempt proceedings pending herein and that the defendant be required to show

·cause why a writ of the court prohibiting him from proceeding should not issue.

· On this petition an alternative writ was allowed returnable to this court on the 30th day of November and it was ordered that the defendant stay all contempt proceedings against plaintiff arising out of case No. 87018.

· There is attached to the petition as an exhibit the petition in No. 87018 wherein Emma Monger is plaintiff and Marc H. Bridge, individually and as administrator de bonis non of the will annexed of ·the estate of Isaac Kesling, deceased, is a party defendant. This petition sets out at length the death of Isaac Kesling of Preble County, testate, and the relation of the' plaintiffs to the estate by virtue of the death of numerous parties since the death of Isaac Kesling.

It is alleged that Eliza Ann Kesling, the widow of the decedent qualified as executrix and purporting to act under the powers created by the will, sold and conveyed to Oren O. Coleman and Susan N. Coleman a certain farm left by Isaac in Montgomery County and conveyed the same by deed to the said grantees for $5,000.00. It is alleged that such sale was· not made in good faith and for a wholly inadequate consideration, was fraudulent against the heirs of Isaac Kesling, the plaintiffs herein, who are entitled to distribution in said estate.

It is further alleged that by reason of the sale and the inadequate consideration therefor and not having been made in good faith to said grantee, that an action was filed in the Common Pleas Court of Montgomery County to set aside said sale, said action having been filed on June 30, 1924, being heard on the 21st day of April 1927; that during the course of the trial, an agreement was reached between the parties, by the' terms of which it was agreed, in writing, that the conveyance made by Eliza Ann Kesling to the said Coleman should be permitted to stand as a valid and subsisting deed and that the proceeds thereof, to-wit, $5,000.00 be placed in the hands of a third person as trustee, the said Marc H. Bridge, one of the defendants herein to act as such trustee, the money to be held by him. for the following purposes: the income of which was to be paid to Eliza during her lifetime and at her death the corpus thereof was to be distributed to the heirs and legatees and that as a result of the agreement, a contract was executed by the terms of which the defendant, Bridge, was to be and was appointed administrator de bonis non of

Isaac Kesling, deceased, on the 25th day of April, 1927, said Eliza resigning in accordance with said agreement and turning over to Bridge as administrator de bonis non and as such trustee the amount representing the proceeds of said farm.

Plaintiffs Frank Brandon and Russell J. Haynes, aver that they had a contract in writing with the heirs by the terms of which they were to receive 50% of any recovery, by virtue of the litigation and settlement and that said Marc H. Bridge was to recognize and take cognizance of said contract between said parties.

That Marc H. Bridge in accordance with the contract and the appointment thereunder qualified as administrator and has in his possession as such administrator and trustee the fund now in the sum of $2700.00; that Oren Coleman is the executor under the will of Eliza Ann Kesling; that since 1927, Bridge as administrator and trustee, made payments to Eliza in accordance with the terms of the contract as set forth, paying her the money from the income derived from the fund in his possession realized from the sale of the farm and that she, during her lifetime, received the income in accordance with the contract.

That Eliza Ann Kesling died testate on December 28, 1935 and that Coleman on the 27th day of January 1936 was appointed her executor and shortly thereafter as executor filed an action in the Common Pleas Court of Preble County against Bridge as administrator for the sum of £5,567.00, the unpaid annuity claimed to be due Eliza Ann Kesling, deceased, and by virtue of the last will and testament of Isaac Kesling, although under the terms of said written agreement, the said Eliza waived any right or claim she had out of said Isaac Kesling's estate and had accepted for her remaining interest the income. It is alleged that in said litigation in Preble County, plaintiffs were not made parties defendant and had no knowledge of the same at the time of the filing of the suit and that the defendant, Bridge, as administrator, submitted the issues involved, not including the contract, by the terms of which he was acting as trustee, to the court of Preble County with an agreed stipulation with the plaintiff and that °the action did not allege the real facts existing; that the cause was decided in favor of Coleman without the knowledge of the plaintiffs and only after the trial were they . notified of the proceedings and then sought to be made parties, which was refused by the court, who did permit them to file a

motion for a new trial, but refused to admit any evidence, all of which caused irreparable damage to these plaintiffs and that by reason whereof, the defendant, Bridge, administrator, brought fraud upon these plaintiffs in permitting said proceedings to be submitted and judgment rendered while being aware of the written contract and aware that the fund in his possession was the property of these plaintiffs and that by reason of the act of Bridge said plaintiffs have been deprived of their rights to said fund, which is their property and that they have no adequate remedy at law; that the plaintiff in the action and Bridge had connived with each other in order to obtain the judgment and were guilty of fraud.

Plaintiffs pray that Bridge individually and as administrator of the estate of Isaac Kesling, deceased, be enjoined from paying to Coleman said fund in his possession as administrator and trustee and that upon final hearing plaintiffs may be awarded judgment as against Bridge, administrator and trustee, and that he may be ordered to pay the same to proper parties, etc.

On application to the court, Bridge was enjoined from paying Coleman or his counsel, Argabright, any of the funds in his possession as administrator and as such trustee until further order of the court.

Afterwards in that case a supplemental petition was filed reciting at length the order of injunction and averring that in violation of such injunction, defendant Bridge did on the first day of November, 1937, withdraw certain moneys held in his name at the bank, as such adfinistrator, in the sum of $1200.00 and in violation of the restraining order, take the money in cash and certificates to Eaton in Preble County, which cash and securities were taken from him by the sheriff upon an execution issued in the cause pending in that court, styled Coleman as executor of Eliza Ann Kesling v Bridge, Administrator of Issac Kesling. It is alleged that by reason of the action of the defendant he violated the injunction which would tend to defeat the rights of the plaintiffs unless further restraining orders are issued. It is averred that Coleman will, unless restrained by the order of the court, make collection of the money and the stock and transfer the same; that Argabright will as counsel for Coleman, endeavor to make collection from the sheriff of Preble County, in order to turn the same over to Coleman unless restrained by the order of this court and that the sheriff will pay it over unless restrained. Plaintiff in supplemental petition prays for an injunction against Coleman enjoining him from making collection from the sheriff, against the sheriff, against Argabright, against Bridge, administrator, and that upon the hearing, the plaintiff may be awarded judgment against Bridge for the said amount.

A praecipe was filed commanding the clerk to issue the orders and injunction was prayed for with the endorsement: "To the clerk, let restraining orders issue as prayed for. No additional bond. Approved, Krehbiel, Common Pleas Judge."

There is further attached to plaintiff's petition an action of numerous plaintiffs against Eliza Ann Kesling, executrix of the estate of Isaac Kesling, said action being filed in Montgomery County in 1924 setting up all the allegations as fraudulent conduct of Coleman and Eliza as alleged in the present petition and that Eliza as executrix has failed to account for the proceeds of the sale and that Oren Coleman and wife are trustees only for the lands transferred to them and are liable for an accounting and that the sale was void as against the interest of the plaintiffs. The plaintiffs in that action prayed that the defendant may be ordered to make an accounting and that the real estate may be charged with the same; that Coleman and his wife may be declared trustees and that Eliza Ann Kesling be required to render an account as executrix.

In this action Mark H. Bridge was appointed referee and reported to the court that the real estate was not worth over $5000.00 and that there was no evidence of fraud on the part of the defendants in the relation to the sale of said farm; that the income of said fund derived from the sale has been paid to Eliza as widow and legatee. This report was adopted and confirmed and the petition of the plaintiffs dismissed and the court construed the will of Isaac Kesling in substance as follows: that under Item 3 the executors are required to pay to the wife of the decedent, Eliza Ann Kesling, the sum of $400 per year for and during her natural life, said sum to be paid for and during her natural life; that under Item 4, said executors are required to pay the $400.00 out of the income derived from the operation of the decedent's farm and in the event that said farm is sold, said executors are required to set aside so much of the principle from said sale as would produce said $400.00; that under Item 5 the executors were empowered to sell the farm irrespective of

whether it can be sold at a price that will produce an income of $400.00. The exhibits disclose the fact that Bridge was ordered by the Probate Court of Preble County to file a final account on the 3rd day of November, 1937, and a still further exhibit discloses the fact that Russell J. Haynes, asked the court for a rule directing Bridge individually and as trustee and as executor de bonis non to appear before the court of Montgomery County and show cause why he should not be punished for contempt for his disobedience. Haynes filed an affidavit setting forth the matters heretofore recited.

An entry was filed in the now pending case to the effect that Haynes having filed his affidavit of certain charges against Bridge as an individual and as administrator, alleging disobedience of Bridge of the former order of the court enjoining him from transferring or paying to Coleman, executor of Eliza Ann Kesling, or to Ralph Argabright, any of the funds in his possession and the said Marc H. Bridge disregarding said order, having paid out and disposed of said fund contrary to said order and has removed said fund from the jurisdiction of this court, on motion of the plaintiff, a rule is allowed against Bridge individually and as administrator de bonis non directing him to appear before the court on the 22nd day of November 1937 to show cause why he ought not to be punished for contempt for his disobedience to the order of the court.

. Bridge individually and as administrator demurs to the application of the plaintiff to punish the defendant for contempt on the ground that the court has no jurisdiction of the action.

This demurrer was overruled by the court and thereupon the petition for a writ of prohibition was filed in this court and an alternative writ allowed as hereinbefore indicated.

To the cause pending in this court, the defendant demurs for the reason that said petition does not set forth facts and allegations sufficient to constitute a cause of action in prohibition against the defendant. This is the issue now to be determined.

An examination of the pleadings discloses the fact that the litigation between the parties herein has been of long standing. In 1924, the original action was brought, alleging a fraudulent transfer from Eliza Ann Kesling to Oren Coleman and Mrs. Coleman. It was determined by the court, upon a report of the referee, that the sale of the real estate was regular and for a proper price and that Mrs. Kesling, under the terms of her husband's will, was annually to receive the sum of $400.00, which was to be a charge upon the income of the real estate. In the suit by Coleman, executor of Mrs. Kesling against Bridge, the administrator of Eliza Kesling, the Common Pleas Court of Preble County determined the issues in favor of the administrator of Mrs. Kesling and this judgment of the court was affirmed by the Court of Appeals. Thereupon the present action was brought in the Court of Common Pleas of this county in which the whole matter of alleged fraudulent transfer was again re-stated and a detailed allegation as to the alleged contract by which the deed to Coleman was to be allowed to stand and that Mrs. Kesling had agreed to waive her rights under the will to receive $400.00 annually and in lieu thereof take the proceeds of the property and that Bridge was now a trustee for that portion of the proceeds of the real estate that now remain unexpended. The same alleged contract was involved in the Preble County case and while the plaintiffs in the present action were not originally made defendants or served with summons, they did come in and ask to interplead, but were permitted to file a motion for new trial.

This question was passed upon by the Court of Appeals. The Court of Appeals in the case of **Coleman v Bridge, 25 Abs 315,** in the Preble County case said:

"The bill of exceptions discloses the fact that the heirs making the motion have no evidence to be submitted in support of such ground for new trial. We cannot find any evidence in this bill submitted in support of the motion for new trial. As stated before, there appears to be nothing in the bill other than unsupported statement of counsel that there was an agreement by the widow to relinquish a claim against funds of the estate in consideration of a settlement of litigation in Montgomery County."

We therefore have a present action in Montgomery County based upon an alleged fraudulent transfer which has been determined adversely to the petitioners at least ten years ago by the Court of Common Pleas of Montgomery County and upon an alleged contract which was an issue in the suit of Coleman v Bridge in Preble County and decided adversely to the claim of the plaintiffs herein by the Court of

Common Pleas of Preble County and affirmed by the Court of Appeals. The claim of the 'fraudulent transfer in addition to having been determined adversely to plaintiffs ten years ago is, of course, barred by the statute of limitations, referring to actions for fraud.

The question here involved is whether, under the facts as above set out, Bridge has been guilty of contempt of the order of the Court of Common Pleas of this county. It must be conceded that if the Common Pleas Court of this county has jurisdiction of the subject matter, that any order it may make can only be attacked by proper appeal and that however erroneous its judgments may be, they can not be attacked through a writ of prohibition.

## WRIT OF PROHIBITION

The writ of prohibition is a high prerogative writ to be used with great care in the furtherance of justice and only where there is no other regular, ordinary and adequate remedy. It may be invoked against inferior courts to keep such courts or tribunals within the limits of their jurisdiction. If the inferior courts are proceeding in a manner partly outside their jurisdiction, such inferior courts are amenable to a writ of prohibition.

Where a court has jurisdiction of the subject matter, a writ of prohibition can not be made to serve the purpose of a writ of error to correct mistakes of a lower court in deciding questions of law within its jurisdiction.

The writ should not issue against the court competent to pass upon its own jurisdiction unless such court is without jurisdiction of the subject matter of the action or is exceeding its legitimate power.

If a court competent to pass upon its own jurisdiction decides that it has jurisdiction of the subject which is clearly not confided to it by the fundamental law from which it derives its existence and power, it should be held that the ordinary and usual remedies provided by law for review are not adequate and a writ of prohibition should be issued, but if the jurisdiction of the court depends upon facts and circumstances which the court passes upon in determining its jurisdiction, it should be held that the ordinary and usual remedies provided by law for review are adequate and a writ of prohibition should not be issued.

State ex Nolan v Dening, 93 Oh St 264.
State ex Garrison, 94 Oh St 115.
State ex Emerick, 96 Oh St 506.
State ex Barbe, 96 Oh St 10.
State ex Doyle, 41 Oh Ap 569 (11 Abs 365).
State ex Kennelly, 43 Oh Ap 173 (12 Abs 459).

The question then is narrowed to the point as to whether or not in the case in Montgomery County the court has assumed to exercise jurisdiction over a subject matter not within its jurisdiction in making the order restraining the defendant from transferring the money in his hands.

The Probate Court is vested by the Constitution with jurisdiction in probate and testamentary matters and recognized as competent to decide its own jurisdiction. State ex Barbe, 26 Oh St 10.

The Constitution and the Legislature have conferred upon the Probate Court exclusive jurisdiction in testamentary matters except in certain matters where the Common Pleas Court of the county has concurrent original jurisdiction, as provided in §10509-206 GC, and if that exclusive jurisdiction is sought to be invaded by an order made to enjoin an officer of that court from performing his duties, which are exclusive within the jurisdiction of the Probate Court then, of course, the court so issuing such order has exceeded its jurisdiction.

Jurisdiction will not be conferred in this case by the device of setting up certain causes of action over which the Common Pleas Court has jurisdiction and making such allegations the basis for the issuing of orders seeking to control matters over which the court has no jurisdiction. The plaintiff can not give the court power to invade the exclusive jurisdiction of another court through the device of naming someone as an individual and as a trustee, whereas as a matter of fact, he was appointed, has acted, and now is an administrator de bonis non, appointed by the Probate Court of Preble County.

We are of the opinion that the obvious purpose of this action is to control the distribution of funds now within the hands of an administrator, under the authority of the Probate Court of Preble County and that in the determination of this case, we should look to the substance of the petition and not to allegations that might divert attention from a fundamental principle.

The claim has been made that the Court of Common Pleas of Montgomery County can have no jurisdiction in a proper action over an administrator appointed in another county. This is not true, so long as the court has jurisdiction of the subject matter. The right of a party to bring an action against the administrator in a county other than that in which he was appointed does not confer upon that court any jurisdiction in matters exclusively vested in another court or in matters concerning which another court of like jurisdiction has acquired prior jurisdiction. As to the right to bring an action against an administrator either in the county where he resides or was appointed. See §11277 GC and the case of **Osborn v Lidy, 51 Oh St 90**, in which said section is interpreted.

After close scrutiny of the matters in this case, we have come to the conclusion that the original order seeking to enjoin the administrator de bonis non from distributing the estate in his hands in compliance with the order of the Probate Court of Preble County was an unauthorized exercise of jurisdiction and that therefore the court is without power to punish for contempt one refusing to comply with such unauthorized order.

Demurrer to petition overruled. Leave given to plead in five days. If no pleading filed within that time, final entry.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.