WINN, Admr. v McCOY, et, etc.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18138. Decided June 16, 1941

W. R. Winn, Cleveland, and Eldon D. Lewis, for appellee.

S. M. Young, Cleveland, and Young & Young, Norwalk, for appellant.

GUERNSEY, PJ. (3rd Dist.) and DOYLE, J. and STEVENS, J. (9th Dist.) sitting by designation.

## OPINION

By STEVENS, J.

In a wrongful death action against Charles Arthur McCoy, a judgment by default was entered in the Court of Common Pleas of Cuyahoga County on January 24, 1918, in favor of Frank E.

Boden, administrator of the estate of George A. Boden, deceased.

Said judgment was never satisfied and was allowed to become dormant.

On June 15, 1938, John McCoy, of Norwalk, Ohio, died, leaving a will which disposed of a substantial estate. One of the residuary legatees and devisees named in said will was Charles Arthur McCoy, who was also appointed executor of the estate of said decedent by the Probate Court of Huron County, Ohio.

On August 4, 1938, plaintiff, Winn, was appointed administrator de bonis non of the estate of George A. Boden, deceased, and he began an action to revive the default judgment entered on January 24, 1918. That judgment was ordered revived on October 19, 1938. Thereafter, on October 25, 1938, a petition in the nature of a creditor's bill was filed by Winn against Charles Arthur McCoy, individually and as the executor of the estate of John McCoy, deceased, wherein it was sought to subject any interest "due and to become due the defendant, Charles Arthur McCoy, from the estate of John McCoy, deceased," to the payment of said judgment, together with a further prayer "that Charles Arthur McCoy, * * * executor of the estate of John McCoy, deceased, be ordered to pay to the plaintiff, out of the funds and property now due or hereafter to become due the defendant, Charles Arthur McCoy, from said estate, and so much thereof as may be necessary to satisfy said judgment and interest in full * * *", and for other and further equitable relief to which he might be entitled.

After issues were joined, a hearing resulted in a judgment of the Court of Common Pleas in favor of the plaintiff, Winn, wherein it was ordered that said $5,000 default judgment, together with interest thereon, be "made a charge upon the interest due and to become due the defendant, Charles Arthur McCoy, * * * from the said estate of John McCoy, deceased; and that Charles Arthur McCoy, * * * and as executor of the said last will and testament in the estate of John McCoy,

deceased, pay or cause to be paid to the plaintiff-appellee, W. R. Winn, as administrator de bonis non of the estate of George Anthony Boden, deceased, out of the funds, property, and interest now due and hereafter to become due the defendant, Charles Arthur McCoy, * * * from the said estate of John McCoy, deceased, and so much thereof as may be necessary to satisfy the said judgment and interest in full, together with the costs of said action. It is further ordered, that the defendant-appellant, Charles Arthur McCoy, as executor of the last will and testament in the estate of John McCoy, deceased, be and he hereby is restrained from paying or distributing or causing to be paid or distributed, as a bequest or devise or other form of distribution or payment from the said estate of John McCoy, deceased, any sum, amount, or property to or for the use, benefit, or account of Charles Arthur McCoy, which will leave the net amount remaining in his hands, subject to such distribution, insufficient to satisfy in full, inclusive of interest and costs, the aforesaid judgment, and the costs assessed herein."

From that judgment, the defendant Charles Arthur McCoy as executor of the estate of John McCoy, deceased, appealed to the Court of Appeals upon questions of law and fact. Charles Arthur McCoy individually, did not appeal.

The cause came on for hearing before the Court of Appeals, and on July 29, 1939, the Court of Appeals entered the following order:

"It is therefore ordered, adjudged and decreed, that said judgment, in the sum of five thousand dollars ($5,000.00), with interest thereon at the rate of six (6) per cent per annum from the 24th day of January, A. D. 1918, be and the same hereby is made a charge upon the interest due and to become due the defendant, Charles Arthur McCoy, * * * from the said estate of John McCoy, deceased; and that Charles Arthur McCoy, * * * and as executor of the said last will and tes-

tament in the estate of John McCoy, deceased, pay or cause to be paid to the plaintiff-appellee, W. R. Winn, as administrator de bonis non of the estate of George Anthony Boden, deceased, out of the funds, property, and interest now due and hereafter to become due the defendant, Charles Arthur McCoy, * * * from the said estate of John McCoy, deceased, and so much thereof as may be necessary to satisfy the said judgment and interest in full, together with the costs of said action.

"It is further ordered, that the defendant-appellant, Charles Arthur McCoy, as executor of the last will and testament in the estate of John McCoy, deceased, be and he hereby is restrained from paying or distributing or causing to be paid or distributed, as a bequest or devise or other form of distribution or payment from the said estate of John McCoy, deceased, any sum, amount, or property to or for the use, benefit, or account of Charles Arthur McCoy, which will leave the net amount remaining in his hands, subject to such distribution, insufficient to satisfy in full, inclusive of interest and costs, the aforesaid judgment, and the costs assessed herein."

On February 9, 1940, a motion to show cause why Charles Arthur McCoy should not be punished for contempt was filed in the Court of Common Pleas of Cuyahoga County.

That motion came on to be heard on June 17, 1940, at which time the defendant objected to the introduction of any testimony under the motion, and asked that the same be dismissed for the reason that the Court of Common Pleas had no jurisdiction to entertain such motion, there having been no order of remand by the Court of Appeals to the Court of Common Pleas for execution of and further proceedings in connection with its judgment entered July 29, 1939. The trial court continued the hearing to permit counsel to furnish briefs upon the question of jurisdiction.

The record discloses a colloquy between the trial judge and counsel for plaintiff, appearing on pages 54, 55 and 56 of the record, which indicates that on the 18th day of June, and after the making of defendant's motion to dismiss, counsel for the plaintiff went to the Court of Appeals of Cuyahoga County, and, by an ex parte application, without notice to counsel for the defendant, procured one judge of the Court of Appeals to make an order under date of June 18, 1940, reading as follows:

"Case remanded to Common Pleas Court for further proceedings according to law."

The trial court overruled defendant's motion to dismiss the contempt proceeding and required the parties to proceed. At the conclusion of the hearing, the court found the defendant executor to be guilty of contempt of court for wilful violation of the order of the Court of Appeals. Appeal on questions of law from that finding brings that subject before this court for examination.

The defendant-appellant has set out six assignments of error in his brief. We consider it expedient to first examine that assignment which is numbered "3" in the brief of the appellant and in which it is asserted by him: "The Court of Common Pleas did not have jurisdiction to entertain any proceedings for contempt in this or any other cause against the defendant executor."

The motion to show cause filed in the Common Pleas Court by the plaintiff rather badly garbled the restraining orders issued by the Court of Common Pleas, and by the Court of Appeals in the original creditor's bill action.

However, we may draw from an examination of the entire motion that the relief sought was the punishment of the defendant executor because of his wilful refusal to comply with the order made by the Court of Appeals on July 29, 1939.

Whether or not the Court of Common Pleas by way of a contempt pro-

**38**

ceeding could enforce the order made by the Court of Appeals on said date depends solely upon the answer to the question, Did the Court of Appeals remand its judgment to the Common Pleas Court for execution or further proceedings according to law?

The original decree, in the Court of Appeals, was entered, as above indicated, on July 29, 1939, which date was in the January term of the Court of Appeals for that year. The term of the Court of Appeals changed on September 11, 1939, and again on January 8, 1940, and the attempted order of remand was not entered upon the journal of the Court of Appeals until June 18, 1940. It is thus apparent that two terms of court intervened between the date of the decree and the date of the order of remand.

**Sec. 12223-37 GC,** provides:

"When, in cases appealed to it, the court of appeals hears the case de novo and makes a final order or renders a final judgment, it either may be enforced by its own process, or the order or judgment may be sent to the court from which the appeal came, for enforcement there. If the case be sent to such court, the clerk of the court of appeals shall certify it to such court, whose clerk, on receipt of the certified transcript thereof, immediately shall enter it upon the journal. **Thereupon,** unless otherwise ordered by the court above for the purpose of execution or other process, it shall stand as the judgment of such lower court." (Emphasis ours).

Assuming that the Court of Appeals had jurisdiction to remand the case after two terms had intervened between the date of the decree and the date of the order of remand, and assuming also that the order of remand was the order of the court and not of an individual judge thereof, this court is of the opinion that, at the time of filing the motion to show cause why the defendant executor should not be

punished for contempt, and at the time said motion came on for hearing in the Court of Common Pleas on June 17, 1940, the Court of Common Pleas, under the provisions of §12223-37 GC, supra, was without jurisdiction to attempt to enforce the order of the Court of Appeals. It is apparent from a reading of █ that section that jurisdiction vests in the Court of Common Pleas only upon the order of remand being certified by the clerk of the Court of Appeals to the Court of Common Pleas, "whose clerk, on receipt of the certified transcript thereof, immediately shall enter it upon the journal". Until that has been done, no authority to act with reference to the order of the Court of Appeals vests in the Common Pleas Court.

Such order of remand was not made in this case until after the contempt proceedings had been inaugurated and a hearing commenced thereon, and after an objection had been made by counsel for the defendant executor to the introduction of any evidence, and also after a motion to dismiss the proceedings for want of jurisdiction in the Court of Common Pleas had been made by counsel for said defendant at a time when the defendant was clearly entitled to an order dismissing the contempt proceedings.

We are of the opinion that the subsequent order of remand, even if properly made, did not invest █ the Court of Common Pleas with jurisdiction to proceed under the motion to show cause filed at a time when the court was without jurisdiction of the subject-matter, and which came on to be heard at a time when the Court of Common Pleas was still without jurisdiction of the subject-matter. Such a conclusion requires a reversal of the judgment of the Court of Common Pleas finding the defendant-appellant guilty of contempt of court.

The other errors assigned, which number five, may all be properly considered under assignment No. 1, which is: "The lower court erred in finding

the defendant executor guilty of contempt when by the law of the land he should have been found not guilty."

The defendant executor was appointed by the Probate Court of Huron County, Ohio, and the estate of which he was executor was administered in that court. There is undisputed evidence contained in this record that, before the issuance of any injunctive order by the Court of Common Pleas of Cuyahoga County or of the Court of Appeals of the Eighth District of Ohio, an assignment of the distributive share of the appellant, Arthur C. McCoy, under the will of said decedent, was, for a valuable consideration, made by him to his brother, James W. McCoy, and that disbursements thereafter made by Arthur C. McCoy, executor, to James W. McCoy, assignee of Arthur C. McCoy, were ordered and approved by the Probate Court of Huron County, Ohio.

It is conceded that the assignment of Arthur C. McCoy to his brother, James W. McCoy, was made for the purpose of preferring the creditor James W. McCoy over the judgment creditor Winn.

The constitution and the legislature of Ohio have conferred upon the Probate Court exclusive jurisdiction in testamentary matters and in the distribution of estates therein administered. The defendant McCoy has made distribution in accordance with the orders, and with the approval, of the Probate Court of Huron County.

In **State, etc. v Krehbeil, 26 Abs 108,** the Court of Appeals stated (at p. 113):

"* * * and if that exclusive jurisdiction is sought to be invaded by an order made to enjoin an officer of that court from performing his duties, which are exclusive within the jurisdiction of the Probate Court, then, of course, the court so issuing such order has exceeded its jurisdiction."

The Common Pleas Court in the instant case not only invaded the exclusive jurisdiction of the Probate Court, but went even further, and, in this proceeding in aid of execution in the nature of a creditor's bill, attempted to adjudicate the conflicting rights of claimants to certain property in an action to which one of the claimants was not even a party. The law has furnished an appropriate remedy to persons claiming to be aggrieved by conveyances alleged to be made for the purpose of defrauding creditors, and we do not understand that the court may, in a proceeding in aid of execution, accord to such aggrieved person the rights which might properly be given him in an action to set aside a transfer claimed to have been made to prefer one creditor over another, or to defraud creditors.

We are of the opinion that the order of the Court of Common Pleas, finding the defendant to be ugilty of contempt of court for a willful failure to comply with the order of the Court of Appeals made on July 29th, when the said defendant was only carrying out the orders of the Probate Court which had appointed him, was an unwarranted invasion of the exclusive jurisdiction of the Probate Court, and as such was erroneous.

This conclusion likewise would require a reversal of the order of the Court of Common Pleas.

For the reasons above set forth, the judgment of the Court of Common Pleas will be reversed; and this court, now proceeding to render the judgment which the Court of Common Pleas should have rendered, orders that the contempt proceedings against the appellant executor be dismissed, at the costs of appellee.

GUERNSEY, PJ. & DOYLE, J., concur.