THE STATE, EX REL. EVERSON ET AL., *v.* MUNICIPAL COURT OF BARBERTON ET AL.

(No. 4465—Decided June 9, 1954.)

*Messrs. Bailey & Bailey,* for plaintiff.
*Mr. Walter Vogel* and *Mr. Robert L. Culbertson,* for defendants.

HUNSICKER, J. The state of Ohio, on relation of Hugh E. Everson and Susan J. Everson, filed an original action in this court, seeking a writ of prohibition against the Municipal Court of Barberton, and the Honorable Charles W. Jenney as judge of that court. The plaintiff asks this court to prohibit the defendants "from exercising any jurisdiction whatsoever to hear, determine or adjudicate cause No. 16538" (a forcible entry and detainer action) "on the docket of said court, wherein Pete Scarito and Ora Scarito are plaintiffs, and relators are defendants."

The cause herein is submitted to this court upon written stipulations entered into by counsel for the

litigants, oral evidence, and various exhibits admitted by agreement of the parties.

The facts material to the issue here are:

On July 10, 1953, Pete Scarito and Ora Scarito, herein called Scarito, entered into a written contract (herein called land contract) with Hugh E. Everson and Susan J. Everson, herein called Everson, by the terms of which agreement, Scarito agreed to sell, and Everson agreed to buy, certain real property. On October 26, 1953, Scarito filed, in the Common Pleas Court of Summit County, Ohio, a petition alleging that Everson had failed to make the payments required by the land contract, and that, by reason of such default, the total amount of the sale price was due. Scarito prayed for a judgment for the total unpaid amount due under the contract, foreclosure of the land contract, the sale of the premises, and for the appointment of a receiver. On January 18, 1954, Scarito filed an amended petition, alleging that, in addition to the failure of Everson to pay any of the installments due under the land contract up to the filing of the amended petition, they were permitting the "said property to deteriorate." On January 29, 1954, Everson filed an answer and cross-petition to the petition and amended petition, alleging that they were induced to enter into the land contract by the fraudulent representations of Scarito. Everson prayed for damages, a return of the down payment, and a decree that the land contract is null and void.

The action in foreclosure has not been heard by the Court of Common Pleas, because of various continuances granted the plaintiffs Scarito. A receiver for the premises has been applied for by Scarito.

On March 3, 1954, Scarito filed, in the Municipal Court of Barberton, their petition in forcible entry and detainer, being cause No. 16538 on the dockets of that court. This petition alleges that: a land contract

for a sale of the same premises described in the action filed in the Common Pleas Court had been entered into between Scarito and Everson; the land contract contained a provision for re-entry upon default of the conditions of such land contract; Everson took possession of the premises and remains in possession thereof; a default occurred; Scarito, by reason of the default, elected to treat said contract void and the defendants (Everson) as tenants at will; "notice in writing to leave said premises" had been duly served on Everson on February 26, 1954. The prayer of the petition in forcible entry and detainer asks for process and for restitution of said premises.

On March 16, 1954, Everson filed a demurrer to this petition filed in the Municipal Court of Barberton, saying:

1. The court does not have jurisdiction of the subject of the action.

2. The petition does not state facts which show a cause of action.

Before the demurrer or the cause in forcible entry and detainer, in the Municipal Court of Barberton, was acted upon, Everson filed the instant petition for a writ of prohibition against that court and the judge presiding therein.

The basic question in the matter before this court is: Shall a writ of prohibition issue?

"3. Prohibition is a preventive writ, designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine or in which it seeks to usurp or exercise a jurisdiction with which it has not been invested by law. * * *" *Marsh* v. *Goldthorpe, Mayor,* 123 Ohio St., 103, 174 N. E., 246.

"4. The writ of prohibition will be issued only where there is no plain and adequate remedy in the ordinary course of the law." *State, ex rel. Moss,* v. *Clair,* 148 Ohio St., 642, 76 N. E. (2d), 883.

And see: *State, ex rel. Levy,* v. *Savord,* 143 Ohio St., 451, 55 N. E. (2d), 735.

It has long been recognized that, where a court has jurisdiction of the subject matter of an action pending before it, a writ of prohibition will not issue which will in effect deprive such court of the authority to determine its own jurisdiction. *State, ex rel. Miller,* v. *Court of Common Pleas of Lake County,* 151 Ohio St., 397, 86 N. E. (2d), 464.

"2. Where general jurisdiction of the subject matter of an action or proceeding has been conferred upon the Court of Common Pleas by statute, a writ of prohibition will not issue denying that court the right to determine its own jurisdiction." *State, ex rel. Levy,* v. *Savord, supra.*

See, also, *State, ex rel. Halchak,* v. *Doyle, Judge,* 41 Ohio App., 569, 180 N. E., 388.

We see no reason why this rule should not apply to a Municipal Court.

The Municipal Court of Barberton has jurisdiction in actions in forcible entry and detainer. Section 1901.18 (H), Revised Code. It is conceded that the premises in the instant action lie within the territorial limits of such court.

The demurrer filed by Everson to the petition in forcible entry and detainer, raised the question of the jurisdiction of the court. Everson, however, did not give that court an opportunity to pass upon its jurisdiction, but proceeded to file the instant action, seeking a writ of prohibition. Everson thereby sought to avoid the plain requirement of the law, and on that ground the writ sought by him should be denied.

The other question posed at the beginning of this opinion is somewhat more complex, but can be decided on the authority of the established law in Ohio.

This court has heretofore decided that a Municipal Court has jurisdiction in forcible entry and detainer

against a defaulting purchaser concerning property which he agreed to purchase, where the contract to purchase, by its terms, gives the vendor in case of default an express right to declare the contract void and re-enter and repossess the premises. *Maxen* v. *Brogle, et al.,* 16 Ohio Law Abs., 555.

See, also, *State, ex rel. Kennelly,* v. *Miller, Judge,* 43 Ohio App., 173, 183 N. E., 41; *Martin* v. *Bircher,* 46 Ohio App., 239, 188 N. E., 365.

It is equally well settled, for which no authorities need be cited, that a vendor who has entered into a land contract may, when a default in the terms of such land contract occurs, proceed by other means, such as ejectment or foreclosure, against a defaulting vendee.

In the matter before this court the remedy first invoked by the vendor was that of foreclosure. A petition was filed in the Court of Common Pleas seeking a money judgment, a sale of the premises, and other equitable relief. Scarito also applied for a receiver to preserve the premises and collect rents. No action has been taken on this petition or the application for a receiver.

Does the rule with respect to election of remedies apply, or does the doctrine of abatement of actions on the ground that another suit is pending apply? See: 15 Ohio Jurisprudence, Election of Remedies, Section 1 *et seq.*; 1 Ohio Jurisprudence (2d), Abatement, Survival and Revival, Section 1 *et seq.* It should be noted, however, that, in the event either defense is adopted, the remedy available is adequate and complete. In such a circumstance the writ of prohibition does not lie.

In the case of *State; ex rel. Maxwell, Pros. Atty.,* v. *Schneider,* 103 Ohio St., 492, at p. 495, 134 N. E., 443, the court said:

"The pendency of another action may be successfully pleaded as a defense only when it is clearly made

to appear that such pending action is between the same parties, upon the same cause of action. The reason for such rule is that the law, which abhors a multiplicity of suits, will not permit a defendant to be harassed and oppressed by two actions for the same cause where plaintiff has a complete remedy by one of them.''

The rule with respect to election of remedies is found in the case of *Frederickson* v. *Nye,* 110 Ohio St., 459, 144 N. E., 299, 35 A. L. R., 1163:

''2. In order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. The mere bringing of a suit is not determinative of the right, but the party making the election must have received some benefit under the same, or have caused detriment to the other party, or pursued his remedy to final judgment.''

We need not discuss the details of either action filed by Scarito (foreclosure and forcible detainer), nor whether an action based on equitable title in the defendant is inconsistent with a claim that no valid land contract is in existence. There are, in the judgment of the writer of this opinion, common law and other remedies available to the defendants Everson.

''1. The extraordinary writ of prohibition is a high prerogative writ and is to be used only when there is no regular, ordinary and adequate remedy; it may not be invoked if the remedy of appeal is available.'' *State, ex rel. Levy,* v. *Savord, supra.*

The writ prayed for herein will be denied.

*Writ denied.*

DOYLE, P. J., and STEVENS, J., concur in the judgment.