Richards, J.
This action was brought in the court of common pleas for the purpose of restraining the issuance and service of a writ of restitution in a forcible detainer case on a judgment rendered in the municipal court. The case has been submitted to this court upon an agreed statement of facts. From this statement of facts it appears that the prefhises in question, which are located in the city of Toledo, were leased by The Toledo Land Company to the plaintiff by written.lease dated October *383 1, 1917, for a term of three years, at a rental of $60 per month, payable on the first day of each month in advance, with the privilege of renewal for an additional period of two years at a rental of $70 per month.
The defendants purchased the premises in controversy on July 29, 1918, and since that date the rent has been paid by the plaintiff directly to them. The payments of rent, however, were not made at the precise time they fell due, each payment being made from two to four weeks after maturity, and after one or more demands had been made on the plaintiff that the same should be paid. On January 23, 1919, the defendants notified.the plaintiff that the rent was payable on the first of each month in advance, that he had been neglectful in making payments, and that they did not intend to submit to delay in the future. The rent due February 1, 1919, not being paid, the defendants served on the plaintiff, on February 11, a written notice to vacate the premises, and on February 12, the plaintiff tendered payment of the rent, which was refused, and thereafter an action in forcible entry and detainer was brought in the municipal court, which resulted in a judgment in favor of the owners for the possession of the premises. This action is brought for the purpose of obtaining a decree in equity relieving against forfeiture of the lease for nonpayment of the rent, and to secure an injunction against enforcing the judgment in forcible entry and detainer. The lease contains a provision that if the party of the second part should fail to pay the rent at the time the same should become due and payable it should be lawful for the owner to re-enter and take *384 possession of the' premises; and a further provision waiving .demand of payment of the rent.
One of the well-known principles of equity jurisprudence is that which empowers a court of equity to relieve against forfeiture, and relief against forfeiture for nonpayment of rent is a matter frequently considered in chancery. The leading textbooks on equity jurisprudence announce the principles in substantially the same terms. The rule is nowhere stated with more accuracy, and terseness than in Pomeroy’s Equity Jurisprudence (4 ed.), Section 453, where it is given in the following language:
“Forfeitures arising from covenants in leases. —■ Where a lease contains a condition that the lessor may re-enter and put an end to the lessee’s estate, or even that the lease shall be void, upon the lessee’s failure to pay the rent at the time specified, it is well settled that a court of equity will relieve the lessee and set aside a forfeiture incurred by his breach of the condition, whether the lessor has or has not entered and dispossessed the tenant. This rule is based upon the notion that such condition and forfeiture are intended merely as a security for the payment of money.”
And to the same effect is 3 Story’s Equity Jurisprudence (14 ed.), Section 1728.
The principles thus announced have been followed and applied under innumerable circumstances in actions between landlord and tenant, and the books are full of adjudged cases illustrating the application of the rule. Counsel for the defendants' however cites the case of Fort Orange Barbering *385 Co. v. New Haven Hotel Co., 92 Conn., 144. A cursory reading of this authority would seem to indicate that the general rule relieving against forfeitures would not be applied in a case where there had been a judgment of restitution in proceedings in forcible entry and detainer. But a careful examination of the case shows that the decision is based on the peculiar language of the Connecticut statute, by the terms of which a judgment of a justice of the peace in a forcible detainer action has the same force and effect as a common-law judgment in other actions, and is therefore conclusive against the existence of an alleged waiver of forfeiture.
The Ohio statute, Section 10450, General Code, provides that a judgment in forcible entry and detainer shall not be a bar to a later action brought by either party. This section was construed in Foster et al. v. Ellison, 12 C. C., N. S., 399, and held to constitute an exception to the general rule that equity will not enjoin the enforcement of a judgment where a defense at law was available. See also Raitz & Co. v. Dow, 10 C. C., N. S., 249, a decision of the circuit court in this county.
In view of our statute and the decisions thereunder, the Connecticut authority cannot be regarded as controlling in Ohio. The rights of the parties must be determined under the general principles of equity jurisprudence, and with the fact in view that the municipal court was without authority to relieve against the forfeiture.
The primary purpose of the parties to the lease was to secure the payment of the rent, and the pro *386 vision for a forfeiture of the premises in the event of nonpayment in accordance with the tenor of the lease must be construed as inserted for the purpose of enforcing such payment.
From what has been said it is apparent that a decree must be rendered for the plaintiff; but this decree should be rendered on equitable terms. The decree will be conditioned on the payment of all arrears of rent, with interest, and the costs in the forcible detainer case in the municipal court.

Decree for plaintiff.

Chittenden, J., and Hughes, J. (of the Third Appellate District, sitting in place of Kinkade, J.), concur.