## NAGY et v WARGO et

Ohio Appeals, 9th Dist, Lorain Co

No 496. Decided June 21, 1929

Deutsch & Dilgren, Elyria, for Nagy, et.
Stetson & Butler, Elyria, for Wargo.

**458**

**WASHBURN, J.**

It seems to be settled that where a lease contains a condition that the lessor may re-enter and put an end to the lessee's estate, upon the lessee's failure to pay the rent at the time specified, a court of equity will relieve the lessee and set aside a forfeiture incurred by his breach of the condition, on the theory that such condition and forfeiture are intended merely as a security for the payment of money—such relief being granted upon the condition that the defaulting party does that which is equitable and just under the circumstances; but a court of equity will refuse to aid a defaulting party and relieve against a forfeiture if his violation of the contract was the result of gross negligence or was wilful and persistent, because he who asks help from a court of equity must himself be free from inequitiable conduct with respect to the same subject-matter.

Pomeroy's Equity Jurisprudence (4th ed.), Secs. 452-453.

**Tabor v. Bellman, 13 O. App. 382.**

**Eichenlaub v. Neil, 10 C. C. 427.**

In the case at bar, according to the evidence in the record, the failure to pay the rent on April 1 was intentional and not the result of a mistake or actual inability to pay. It was more convenient to pay a part later, and the tenant desired and sought that accommodation, which was denied, and he had ample time thereafter to comply with the terms of his lease and made no effort to do so for eight days; but upon notice being served upon him to vacate. he did tender the rent then due, and that, too, before any action was begun to dispossess him; and up to the time of the serving of said notice, the landlord was without fault in the premises.

While the conduct of the tenant was in a sense willful, it was not persistent, and under all the circumstances. we cannot say that the tenant's inequitable conduct debars him from the remedial right he seeks.

However, his conduct should be taken into consideration in determining the condition upon which a court of equity will grant him relief. His conduct, for which there is no excuse, has created a situation which is unfortunate for the landlord. The lease provides not only for the payment of rent, but contains provisions calling for the co-operation of the tenant in reference to repairs and the proper use of the premises; and the conduct of the tenant has been such as to jeopardize and render difficult of enforcement the rights of the landlord under said lease, and he ought not to be put to the expense of further litigation concerning this matter.

As the basis for affording the tenant relief is that the court regards a forfeiture as intended to secure the fulfillment of the contract, and as such relief depends upon the equities of the case and is refused whenever it would seem to be inequitable to grant it, it seems to us that it would be just and equitable, under all the circumstances, the initial fault for the present condition being that of the tenant, to require the tenant, as a condition to the granting of the relief, to pay the rent now due and to enter into a bond in the sum of $300 to secure the payment of the balance of the rent and the fulfillment of the other terms of the lease, and that may be the order in this case; but insomuch as the landlord did not accept the rent when tendered after notice to vacate, the order will be that each party pay one-half of the costs in this action in the Common Pleas Court and in this court, and also of the costs in the forcible detention of action. If the tenant fails to comply with the conditions specified within ten days, the petition will be dismissed.

Funk, PJ, and Pardee, J, concur.