## HEISLER et v WIEGAND et

Ohio Appeals, 9th Dist, Lorain Co

No 800.   Decided Nov 6, 1936

Sanders & Sanders, Cleveland, for appellants.

Glitsch, Stack & Moon, Lorain, for appellee Conrad Wiegand.

### OPINION

By WASHBURN, J.

In this action Louis I. Heisler and Jean Heisler are appellants, and they were plaintiffs in the Common Pleas Court. For convenience they will be referred to hereinafter as lessees.

Conrad Wiegand, who is the only proper appellee, and who was one of the defendants in the Common Pleas Court, will be referred to as lessor. It was improper to make the judge of the Municipal Court a party defendant in this action; under no circumstances would the lessees be entitled to an injunction against him from proceeding to try the forcible entry and detainer case.

This is an action in equity, brought by lessees to enjoin the prosecution of a forcible entry and detainer suit in the Municipal Court of Lorain, brought by lessor against lessees to recover possession of real estate owned by lessor. Upon trial the Common Pleas Court dismissed the petition of said lessees, and the cause is before this court by way of appeal on questions of law and fact upon a transcript of the evidence taken below, and additional evidence taken in this court.

The lease between the parties provided that if default be made in the payment of the rent, the lessor, at his election, at any time while such default continued, should have the right to declare the lease

void, and enter into possession of the premises.

The lease also provided that any demand for rent due, wherever and whenever made, should have the same effect as if made at the time it falls due, and at the place of payment; and that after notice to vacate the premises, the lessor should have the right to receive and collect any rent due without in any way affecting such notice to vacate.

The lease was effective on the first day of August, 1935, and was for a 5-year period, the rental during the first two years to be at the rate of $150 a month, payable in advance upon the first day of each calendar month.

The lessees went into possession, and thereafter mailed checks in Cleveland for each month's rent to lessor at Lorain, either on the first day of the month or within a few days thereafter, up to and including the rent for December.

Early in January, 1936, an involuntary petition in bankruptcy was filed against Jean Heisler, one of the lessees, who, according to the testimony, was the owner of the business conducted in said rented property; the other lessee, Louis I. Heisler, husband of Jean Heisler, being a mere employee and financially irresponsible.

The January rent was not paid until January 16, and then it was paid by the receiver in bankruptcy. In the bankruptcy proceeding, the creditors accepted a composition of 15c on the dollar, which was paid, and the bankrupt lessee was discharged early in February.

On the 13th or 14th of February, and when the February rent was long past due, lessor's agent had a talk with lessee Louis I. Heisler, who negotiated the lease and transacted all of the business connected therewith, concerning the delay in the payment of rent, which conversation, according to said agent, was to the effect that lessees asked for a reduction in the rent and stated that they were not able to carry out the terms of the lease, that the agent replied that they would be asked to vacate, and that lessees signified a willingness to have the lease cancelled provided they were notified in writing to that effect. Thereafter, lessor executed a lease of the premises with another party.

Within a day or two after such conversation, the lessees mailed a check to lessor for the February rent.

The March rent was not paid when due, and such notice to vacate was served on March 3, lessees being required by such notice to vacate by April 1. After said notice, the March rent was tendered, and was accepted by lessor on March 10, 1936; said acceptance, under the terms of the lease hereinbefore referred to, did not "operate as a waiver of, nor affect such notice" to vacate.

The April rent was tendered by check dated April 1, and mailed in Cleveland at 2:30 p. m., and was received on April 2. It was returned the same day, and said forcible entry proceedings were begun in the Municipal Court on the next day.

On April 20 this suit was begun to enjoin the prosecution of the case in Municipal Court.

The general rule is that where a lease contains a condition that the lessor may re-enter and put an end to the lessee's estate upon the lessee's failure to pay the rent at the time specified, a court of equity may regard such condition and forfeiture as intended merely as a security for the payment of money, and may, therefore, relieve against such forfeiture if the circumstances are such as to make such relief equitable, and the defaulting party does that which is equitable and just under all the circumstances; but a court of equity will generally refuse to aid the defaulting party and relieve against the forfeiture if his violation of the contract was the result of gross negligence or was wilful and persistent, or if the granting of such relief would be inequitable and unjust to the other party to the lease, because he who asks help from a court of equity must himself be free from inequitable conduct with respect to the same subject-mater.

Nagy et v Wargo et, 7 Abs 457.

The testimony of said agent, in respect to said conversation concerning the termination of the lease, was denied in some particulars by lessee Louis I. Heisler, but we find that such conversation took place substantially as testified to by said agent, and that, in reliance thereon, lessor leased the premises to another party.

When all of the facts and circumstances shown by the evidence in this case are considered, we do not feel that the conduct of lessees has been such as to justify this court in granting the relief sought in this action. There was not merely a failure to pay rent, but there was conduct and circumstances which clearly indicated a likelihood that such failure was not merely a temporary matter, and justified the lessor

in assuming that such failure would continue unless lessees' request for a reduction in rent was granted.

After what had just occurred, the lessees had no right to assume that the lessor would reduce the rent or continue to recognize the lease as in force, and the lessor had a right to assume that, as he would not reduce the rent, a termination of the lease would be agreeable to the lessees.

He acted upon that assumption and leased the premises to another, and there was a subsequent failure of lessees to pay rent as specified.

Under all of the circumstances, we find that the conduct of the lessees has been so inequitable with respect to the subject-matter as to justify us in refusing them the aid of a court of equity, as prayed for; and the petition of appellants is therefore dismissed.

FUNK, PJ, and STEVENS, J, concur in judgment.