**JAEGER, Plaintiff-Appellee, v. GOLDZWIG, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3708. Decided March 13, 1944.

Willis H. Liggett, Columbus, Ohio, for Plaintiff-Appellee and for the motion.

Isadore L. Margulis, Columbus, Ohio, for Defendant-Appellant, contra the motion.

## OPINION

### ON MOTION TO DISMISS APPEAL

By THE COURT:

Submitted on motion of appellee to dismiss the appeal on two grounds, first, that the appeal is frivolous and an attempt to invoke the jurisdiction of this Court to deprive plaintiff-appellee of the possession of his property without meritorious reasons therefor; second, if the first branch of the motion be overruled that the Court assign the cause for hearing at the earliest possible date.

It is obvious, that to sustain the motion it would be necessary for this Court to consider the appeal on its merits. This implies a study of the errors assigned in the light of the record which is equivalent to full submission of the cause on appeal. A motion is not the appropriate proceeding to accomplish the result sought. It is urged, because the Common Pleas Judge in his written opinion found that the appeal to that Court was frivolous that this would be a basis of such determination here. The appeal to this Court is from the judgment of the Common Pleas Court and requires a determination as to the correctness of the judgment in that Court.

We know of no provision of the statute which, in the situation here presented, would authorize this Court to sustain the motion.

Upon the second branch of the motion this Court is ready to take this case upon the briefs at any time, if counsel so agree, or, if desired, will hear the case on oral presentation at any county in the district where we are holding court on regular assignment. Finally, if neither of these alternatives is accepted, we will assign the case in Franklin County at the earliest possible date that an appeal of this class may be assigned.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.

### OPINION

### ON APPEAL ON QUESTIONS OF LAW

Decided July 13th, 1944.

BY BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio. The action originated in the Municipal Court of Columbus, Ohio, and was one in forcible entry and detention. In this Court the finding and judgment was for the plaintiff-appellee and in due time the cause was appealed to the Common Pleas Court. It will be observed that the judgment was the same in both courts. The following brief statement of facts will render understandable the nature of the controversy and the manner in which the claimed errors arise.

On or about the first day of November, 1941, the plaintiff and defendant entered into a written lease for a period of five years, for the property located at 209 East Rich Street in the City of Columbus, Ohio. The plaintiff contends the lease was broken, which the defendant denies. The plaintiff claims that the defendant was a tenant at sufferance from month to month, and this claim is denied by the defendant. Under the terms of the written lease the rental for the first year was $50.00 per month; $75.00 per month for the second year; $85.00 per month for the third and fourth years; and $100.00 per month for the fifth year, all monthly payments to be made in advance.

At or near the expiration of the first year, the defendant tenant and the plaintiff landlord had a conference and at that

time the defendant advised that the condition of business was such that he could not pay the increased rental. It is the contention of plaintiff that at this time defendant was advised that this would avoid the written lease and that if defendant continued in possession it would be at sufferance under a month to month occupancy. Further, that defendant offered to yield possession of the premises whenever plaintiff was able to secure a new tenant. This arrangement continued for about a year when plaintiff served upon defendant a written notice to vacate the premises on the first day of the following month, and plaintiff's action was brought because of defendant continuing in possession.

Defendant denies the termination of the written lease and the substitution of a new oral lease from month to month. This presents a dispute on a factual question which in the lower court was decided in favor of plaintiff. We cannot reverse unless against the manifest weight of the evidence.

Counsel for appellant in addition raise two legal questions: First, the claim is made that the plaintiff failed to prove title to the property in question; and, second, that where title to real estate is involved the Municipal Court would not have jurisdiction to hear and determine.

On the first question we have no difficulty in finding that plaintiff's title was conclusively proven, not only through testimony of plaintiff, but by the admission of the defendant.

In forcible entry and detention petitions the question of fee simple title is not involved, but only the question of right of possession. Where the defendant, as in the instant case, acquired possession through the plaintiff and claims no right otherwise, he cannot be heard to question the possessory title of the  plaintiff. This theory arises upon the principle that defendant's possession is obtained exclusively from plaintiff and he cannot question plaintiff's right unless by reason of some happening subsequent to the original contract of lease.

The jurisdiction of the Municipal Court is granted under §1558-51, G.C. as amended in 1939.

The first paragraph under the section provides:

"The Municipal Court shall have and exercise original jurisdiction within the limits of the City of Columbus as follows:"

Subdivision 1 reads as follows:

"In all actions and proceedings of which justices of the peace have or may be given jurisdiction."

Subdivision 8 reads as follows:

"All actions in forcible entry and detention of real property."

Counsel for appellant refer us to the case of **Wessel v. Newhof Stores, Inc., 11 O. Op. 476**, decided by the Common pleas Court of Hamilton County, Ohio. The legal question involved under the reported case is very much different than in the instant case. Counsel cite and quote the 3rd syllabus as follows:

"Where the lessors orally agreed to and accepted a reduced rental, the modification was a waiver by the lessors of full performance by the lessee of the rental stipulations in the lease."

Under the factual situation in the reported case, we would have no quarrel with the pronouncement for the reason that the only oral agreement for variance in the written terms of the lease was an agreement for reduced rental, subsequently paid and received in accordance with such oral agreement, and not intended as a termination of the written lease. In the reported case a subsequent grantee was seeking to recover back rent on the basis of the written lease which accumulated prior to the grantee acquiring the property. The basis of his claim was that the oral agreement was not supported by any consideration. The plaintiff was denied recovery on two grounds: First, that even though the oral agreement was without consideration, nevertheless it had been acted upon by the parties and thereby was binding upon them and could not be repudiated; and, secondly, on the ground that under no circumstances could the back rent inure to the benefit of the new grantee. This case illustrates the fallacy of quoting excerpts from cases where the factual situation is different from the case being decided.

Counsel for appellant also cite the case of Boughman v. Bounds, 29 N. P. N. S., 544. Again this is a decision by the Common Pleas Court of Licking County, Ohio. It came to the Common Pleas Court by appeal from the justice of the peace. It originated in an action in forcible entry and detention. The occupancy was under a written lease duly executed and recorded for a term of thirteen years. The Common Pleas Court held that the jusice had no jurisdiction to terminate the written lease and that an action would not lie in that court until the lease was terminated through an action in the Com-

Errata: The first three lines on this page, commencing with the word "Subdivision" and ending with the word "property," should be omitted.

mon Pleas Court. The Common Pleas Court on review determined that the justice had no jurisdiction by reason of the provisions of §10449 GC, which, among other things, provided that proceedings might be had against tenants in possession under an oral tenancy who are in default in the payment of rent, etc.

The case more directly in point is that of **Martin v. Bircher, 46 Oh Ap., 239.** Syllabus 3 reads as follows:

"General statutory provisions authorizing justices of peace to inquire into unlawful and forcible entries give justices jurisdiction in other cases besides those set out in statute respecting specific cases in which jurisdiction may be exercised. (§§10447 and 10449 GC)"

Syllabus 4:

"Justice of the peace and municipal court of Canton have jurisdiction in forcible entry and detainer cases, notwithstanding they involve questions of title to real estate. (§§1579-668, 10224, 10232, 10447 and 10449 GC)"

Syllabus 5:

"Municipal Court of Canton had jurisdiction of forcible entry and detainer action on land contracts which, at time complaint was filed, had been forfeited for purchaser's default."

They also make reference to the case of **Felger v. Thompson, 27 Oh Ap 310.** This was a decision by our Court and therein we held that the Municipal Court of the City of Columbus had jurisdiction in an action to enforce a forfeiture cause in a contract for the sale of real estate and that its judgment thereon was not absolutely void.

At this time we should restate that one of the issuable questions is whether or not the written contract can be terminated by oral agreement. We think it can although it is a very unwise and questionable procedure for parties to follow. Under any situation a Municipal Court, if the facts warrant, had the jurisdictional power to determine the lease terminated and make a finding for plaintiff.

The judgment of the Municipal Court and the Court of Common Pleas will be affirmed and cause remanded for further proceedings according to law.

The costs in this Court will be taxed against the appellant.

HORNBECK, J., and GIEGER, J., concur.