SMITH, APPELLEE, *v.* ETLING, APPELLANT.

(No. 4428—Decided February 3, 1954.)

*Mr. George R. Platt,* for appellee.
*Mr. Otto C. Moyer,* for appellant.

HUNSICKER, J. This is an appeal on questions of law from the Municipal Court of Barberton, Ohio.

On August 15, 1953, Elizabeth B. Smith, the appellee herein, filed an action in forcible entry and detainer against B. O. Etling, the appellant herein, seeking restitution of certain premises which Mr. Etling had leased from Mrs. Smith. The lease, which was in writ-

ing, called for a term of five years, commencing on May 1, 1951, and ending on April 30, 1956.

The lease contained the following provision:

"That if default be made in payment of said rent or any part thereof or in fulfillment of any of the covenants or agreements herein specified to be fulfilled by the lessee, or if any waste be committed or unnecessary damage done upon or to said premises, the lessor may, at lessor's election at any time while such default continues or before the replacement or repair of such waste or damage, without notice declare the said term ended and enter into possession of said premises and sue for and recover all rents and damages accrued or accruing under this lease or arising out of any violation thereof; or lessor may sue and recover without declaring this lease void or entering into possession of said premises."

B. O. Etling became delinquent in his payment of the rent called for by the lease, and an action in forcible entry and detainer was then filed in the Municipal Court of Barberton, Ohio, after the proper notice to vacate and surrender the premises was served.

The trial court awarded a judgment of restitution of the premises to Mrs. Smith, from which judgment B. O. Etling has appealed to this court, assigning as error that:

"1. The Barberton Municipal Court was without jurisdiction to hear the above-entitled action.

"2. The court erred in overruling the defendant's motion for dismissal of plaintiff's case upon the opening statement of the plaintiff.

"3. The court erred in failing to sustain the defendant's motion for dismissal of plaintiff's cause at the conclusion of all of the plaintiff's evidence.

"4. The judgment is against the weight of the evidence.

"5. The judgment is contrary to law."

The principal complaint and the one most strenuously urged upon us, is that the Barberton Municipal Court was without jurisdiction to entertain this action in forcible entry and detainer, and that the only way for Mrs. Smith to get possession of her property is by an action in ejectment filed in the Court of Common Pleas.

The question posed by the appellant, B. O. Etling, may be stated as follows: May the lessor herein, who has entered into a written lease for a term of years, maintain an action in forcible entry and detainer in the Municipal Court, where the lease by its terms gives to the lessor, in case of default in the payment of rent, an express right to declare the lease void, and a right to re-enter and repossess the premises?

The action in forcible entry and detainer was not available at common law, but is a creature of statute. *Yager* v. *Wilber,* 8 Ohio, 398; *Rothwell* v. *Winterstein,* 42 Ohio St., 249.

"The action of forcible entry and detention, or of forcible detention only, is intended to be a speedy and summary mode for the recovery, in the cases specified in the statute, of lands and tenements." *Carroll* v. *O'Conner,* 25 Ohio St., 617.

It has long been recognized that actions in forcible entry and detainer are possessory in nature and do not involve the question of the title to the premises. *Jaeger* v. *Goldzwig,* 42 Ohio Law Abs., 340, 60 N. E. (2d), 625; 19 Ohio Jurisprudence, Forcible Entry and Detainer, Section 2.

The Uniform Municipal Court Act, Section 1581 *et seq.,* General Code (now Section 1901.01 *et seq.,* Revised Code), continued the existence of the Municipal Court for Barberton, Ohio. Section 1594, General Code, of such act provided for the jurisdiction of Municipal Courts, including the Municipal Court of Barberton, and it said, in part, that "* * * a Municipal

Court shall have original jurisdiction within its territory: * * * (H) In any action of forcible entry and detainer * * *."

Section 10449, General Code (now Section 1923.02, Revised Code), provided the conditions under which an action in forcible entry and detainer may be prosecuted, and said, in part:

"Proceedings under this chapter may be had against tenants holding over their terms * * *. Also when the defendant is an occupier of lands or tenements, without color of title, and to which the complainant has the right of possession, *or any other case of their unlawful detention.*" (Emphasis ours.)

The lease from Mrs. Smith to B. O. Etling was terminated according to its terms, and when it was so ended, B. O. Etling held over his term and had no right of occupancy thereafter.

The bringing of the action upon this holding over was then authorized by the statute (Section 10449, General Code).

The legal question involved in this case has been before the courts of this state in a number of instances, and the authorities hereinafter cited hold that, where a lease for a term of years provides that, upon breach of a covenant to pay rent, the lessor may declare the lease void and re-enter and repossess the premises, the action in forcible entry and detainer may be invoked to gain a restitution of the premises. *Adair* v. *Crepps,* 81 Ohio App., 136, 76 N. E. (2d), 287; *Jaeger* v. *Goldzwig, supra.*

The jurisdiction of the Municipal Court to entertain an action for the restitution of real property, where a contract for the purchase of the land was in default, and for that reason such contract had been declared void by the vendor (as provided in the land contract), has heretofore been determined by this court in the case of *Maxen* v. *Brogle,* 16 Ohio Law Abs., 555. The

similarity in this case to the one now before us is readily apparent.

See also: *State, ex rel. Kennelly, v. Miller, Judge,* 43 Ohio App., 173, 183 N. E., 41; and *Martin v. Bircher,* 46 Ohio App., 239, 188 N. E., 365.

We therefore determine that a lessor of lands, situated in the city of Barberton, Ohio, who has entered into a written lease for a term of years, may maintain an action in forcible entry and detainer against the lessee in the Municipal Court of Barberton, where the lease by its terms gives to the lessor, in the event of default in the payment of rent, an express right to declare the lease void and a right thereafter to re-enter and repossess the premises.

We have examined all other claimed errors, and find none prejudicial.

*Judgment affirmed.*

Doyle, P. J., and Hurd, J., concur.

Hurd, P. J., of the Eighth Appellate District, sitting by designation in the Ninth Appellate District.