MEYER ET AL., APPELLANTS, v. CARMICHAEL, APPELLEE.

[Cite as Meyer v. Carmichael (1971), 29 Ohio App. 2d 183.]

(No. 11556—Decided June 21, 1971.)

*Mr. Edward C. Benson,* for appellants.
*Mr. John A. Gehrig,* for appellee.

HESS, P. J. This is an appeal from a judgment entered by the Municipal Court of Hamilton County. Herein, the parties will be referred to as they appeared in the trial court.

The plaintiffs, Frank H. and Cecelia E. Meyer, are the owners of premises located at 4423 Montgomery Road, Norwood, Ohio. On April 1, 1968, plaintiffs entered into a written lease with the defendant, Harold Carmichael, wherein the defendant agreed to rent the premises on Montgomery Road for a period of five years at a rental of $15,000, payable in advance in monthly installments of $250 beginning on the 1st day of April, 1968.

The lease provides as follows: "* * * if said rent, or any part thereof, should remain unpaid for ten (10) days after it is due, then and in that event without demand therefor, plaintiffs would have the right into said premises to re-enter, and the same to have again, repossess and enjoy as in their first and former estate; and thereupon this lease, and everything herein contained on said lessors' behalf to be done and performed, shall cease, determine, and be utterly void."

The defendant entered into possession of the premises described in the lease and on the conditions therein expressed.

On August 5, 1970, defendant tendered a check to the plaintiff, Cecelia Meyer, dated August 1, 1970, drawn on the First National Bank of Cincinnati, in the amount of $250 to pay rent due August 1, 1970. The check was deposited by Cecelia Meyer on August 8, 1970, and on August 13, 1970 this check was returned to Cecelia Meyer marked "Insufficient funds."

Thereafter, on August 17, 1970, the plaintiffs served a three days notice on the defendant dated August 15, 1970, to vacate the premises.

It appears from the evidence that after defendant was advised the check tendered for the rent due on August 1, 1970 was not honored, the defendant attempted to make payment in cash or redeem the dishonored check; that defendant claims a mistake was made by his bank in depleting his account to pay to itself an installment payment due from defendant on the purchase of an automobile; that the defendant did not know the action of the bank in depleting his account, although apparently it was authorized so to do, caused the rent check to overdraw his bank account; and, that there was an innocent mistake made on behalf of the defendant in not paying the rent due August 1, 1970, within the ten days period of grace.

It was upon these pertinent and undisputed facts that the trial court found in favor of the defendant and, upon proper request, presented the following conclusion of law:

"The foregoing facts would indicate that there was a technical failure to pay the rent for August of 1970 due to the returned check marked insufficient funds, but the Court finds from the evidence that this was an honest mistake which is not unusual in our commercial transactions, and that the defendant should not suffer so great a loss as to be evicted simply because of this. Further that the plaintiffs, in deliberately withholding notice of the dishonoring of defendant's check from the defendant and wrongfully refusing defendant's offer to redeem said check within a

reasonable time, are not entitled then to the relief sought."

The trial court further concluded that:

"The court is deciding this matter as above on justice and equity rather than technicalities. We therefore hold that defendant is entitled to continue occupancy of the premises under the aforementioned lease."

It is from this conclusion of law by the trial court and the judgment entry in keeping therewith that this appeal is taken.

The plaintiffs present the following assignments of error:

"(1) The court below erred in making a finding that the case should be decided, 'on justice and equity rather than technicalities'.

"(2) The trial court erred in finding that defendant was ready, willing and able to redeem the aforementioned August, 1970, rental check on and after August 17, 1970, the date at which he first became aware that the aforementioned check was dishonored."

The two assignments of error present the basic question of whether the facts in the instant case entitled the plaintiffs to possession of the premises in question through a forcible entry and detainer action.

The only issue before the trial court was the right of possession. Defendant's only claim to possession is under the lease contract with the plaintiffs.

The lease signed by the parties specifically provides for forfeiture without notice at the option of the owner in the event of default in payment of rent. When the complaint was filed in the Municipal Court, the contract of lease had been broken and the plaintiffs were entitled to possession of the property described in the lease absent conditions or conduct of the parties which would be recognizable in law to amend the provisions of the lease. *Martin* v. *Bircher,* 46 Ohio App. 239.

The defendant argues that his tender of the check for the payment of rent and his subsequent offer to redeem that check when he learned of its dishonor constitutes a defense to the forcible entry and detainer action. In sup-

port of his contention, he cites *Lauch* v. *Monning,* 15 Ohio App. 2d 112, which is authority for the conclusion that the Municipal Court does have equitable jurisdiction by virtue of R. C. 1901.18 (C). In the instant case, there is no evidence to support equitable considerations. There are no incidents or courses of past conduct, in keeping with the lease, which may have led the defendant to believe he could redeem the check and retain possession of the premises. In the case of *Tabor* v. *Bellman,* 13 Ohio App. 382, the tenant was habitually late in making rental payments, and the court properly held at page 385 that in such course of conduct "the primary purpose of the parties to the lease was to secure the payment of the rent, and the provision for a forfeiture of the premises in the event of nonpayment in accordance with the tenor of the lease must be construed as inserted for the purpose of enforcing such payment."

The only course of conduct of the parties appearing in the record of the instant case is the statement that two previous forcible entry and detainer actions had been instituted by the plaintiffs resulting in one being dismissed by the court and the other adjusted between the parties. No evidence appears in the record to establish a course of conduct which actuated those actions or reason for their disposition. A mistaken belief that a check will be honored will not excuse a failure to pay rent as agreed upon in a lease.

As we have stated, the case at bar is not a suit for cancellation or forfeiture of the lease, but an action for forcible entry and detainer—the possession of the premises.

There being no substantial dispute on the facts, we find that the trial court committed prejudicial error in entering judgment for the defendant. This cause is reversed and final judgment in forcible entry and detainer is granted the plaintiff.

*Judgment reversed.*

Young and Shannon, JJ., concur.